## Rogers *v.* Odell.

Where a suit is brought here and in another State, for the same cause of action, and a judgment being recovered in that State, a suit is brought here upon that judgment, the last writ will not be quashed by reason of the pendency of the former action, because, as the actions cannot be supported by the same evidence, they are not technically for the same cause.

Motion to quash the writ, on the ground of a prior action pending for the same cause.

It appeared that the plaintiff, on the 6th day of April, 1857, sued out a writ against the defendant as principal, and one George Odell as trustee, returnable at the October term, 1857, and that the action is still pending.

On the 7th of April, 1857, the plaintiff commenced a suit in Boston, in the Superior Court of the county of Suffolk, against the defendant, for the same cause of action, and on the first Tuesday of January, 1858, recovered judgment against the defendant, for $252 debt, and

$117,20 costs of suit. On the 13th of March, 1858, the plaintiff commenced a suit against the defendant, in the Court of Common Pleas for this county, founded on the judgment recovered in the Superior Court for Suffolk county. Upon the entry of the last named suit in the Common Pleas the counsel for the defendant moved the court to quash the writ, upon the ground of a prior action pending for the same cause. The Common Pleas denied the motion, and the defendant appealed; and now, upon the entry of the action in this court, upon the appeal, the defendant renews his motion.

*Shapleigh,* for the defendant.

*Hatch & Webster,* for the plaintiff.

BELL, C. J. The pendency of one suit, when a second action is commenced, is good cause for a plea in abatement. *Bennett* v. *Chase,* 21 N. H. 570 ; *Smith* v. *Atlantic Ins. Co.,* 22 N. H. 21; *Parker* v. *Colcord,* 2 N. H. 36.

In this State it has been repeatedly held that advantage may be taken of such a state of facts, in the discretion of the court, on motion, as a vexatious abuse of the authority of the court; *Davis* v. *Dunklee,* 9 N. H. 595; *Chase* v. *Strain,* 15 N. H. 541; and it has been held that the rule requiring pleas in abatement to be filed within the first four days of the term at which the action is entered, is not applied to motions to quash or dismiss the suit; such motions may be made at any reasonable time. *Clark* v. *Lisbon,* 19 N. H. 286. But it is held, as a general rule, that motions to dismiss a cause should be made at the first term, or objections available in that form will be held to have been waived. *Hanson* v. *Hoitt,* 14 N. H. 56.

We doubt if such motions should be encouraged, unless where both cases may be pending in the same court, and the facts appear upon the face of their own records. The general rule, that where a writ is alleged to be abatable

for any intrinsic fact, not appearing upon the face of the record, such fact should be stated by a proper plea, upon which there may be an issue and trial, deserves to be supported. *Parsons* v. *Swett,* 32 N. H. 89.

In one view, these actions are brought for the same cause, because they are for the recovery of the same debt; but the question here is, whether they are technically actions for the same cause. The plaintiff contends that the judgment in suit, being rendered by a court of competent jurisdiction over the subject matter, upon an appearance by the defendant, which gives jurisdiction of the person, is entitled to the same faith and credit as a domestic judgment; that it is, therefore, of a higher nature than the simple contract debt upon which the first suit is founded, and is, therefore, not technically for the same cause of action. The case of *Weeks* v. *Pearson,* 5 N. H. 325, is cited in support of this position, in which it is held that a judgment in another State is in general a bar to an action here, because the cause of action has passed *in rem judicatam,* and is determined by the judgment. But it was held, that as one judgment is of as high a nature as another, a judgment in another State cannot extinguish or determine a judgment rendered here. *Bates* v. *Lyons,* 7 Paige 86.

When a judgment has already been obtained by the plaintiff against the defendant for a demand, the simple contract, or other obligation, upon which such demand accrued, is merged, by the superiority of the judgment, *transit in rem judicatam,* and if the plaintiff sue on the original promise the defendant may plead the judgment in bar. 3 Ch. Pl. 929; 2 Saund. Pl. & Ev. 611; *Drake* v. *Mitchell,* 3 East 251.

In the language of Lord *Hardwicke,* in *Kitchen* v. *Campbell,* 3 Wils. 308, "you shall not bring the same cause of action twice to a final determination, *nemo debet bis vexari.*" What is meant by the same cause of action, is, where

the same evidence will support both the actions, although the actions may happen to be grounded on different writs. This is the test to know whether a final determination in a former action is a bar or not to a subsequent action, and it runs through all the cases in the books, both in real and personal actions. It was resolved in *Ferrer's Case*, 6 Rep. 7, that where one is barred in any action, real or personal, by a judgment upon demurrer, confession, verdict, &c., he is barred as to that, or the like action, of the like nature, for the same thing, forever. By this test the two actions here in question cannot·be regarded as for the same cause, as the evidence by which they must be supported is essentially different. Nothing but an authenticated copy of the judgment is admissible in this action. In the earlier action that evidence would be clearly incompetent and inadmissible.

It is said the judgment here in suit is not only for the debt but for costs. But it is contended by the defendant that if the cause of action in the second suit is, in a material and substantial part, the same as the first, it must be abated, as was held in *Buffum* v. *Tilton*, 17 Pick. 510; but this point it·is unnecessary to consider, since here the causes of action are not in law, even in part, the same.

*Motion denied.*